UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BONITA M. BROWN,**<br>　　**Plaintiff,**<br><br>　　v.<br><br>**GEORGETOWN UNIVERSITY HOSPITAL**<br>　　**Defendants.** | Case No.: 1:06-CV-01417- (RWR) |

**GEORGETOWN UNIVERSITY HOSPITAL'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Defendant, Georgetown University Hospital, ("GUH"), by and through counsel, Crowell & Moring, LLP, hereby respectfully submits the following Answer to Plaintiff, Bonita M. Brown's ("Plaintiff"), *Second Amended Complaint for Damages and Equitable Relief* ("Complaint").

## I.

## ANSWER

### Jurisdiction and Venue

1.　GUH states that the allegations contained in Paragraph 1 of Plaintiff's Complaint constitute conclusions of law to which no answer is required or given and GUH, therefore, denies the same.

2.　GUH states that the allegations contained in Paragraph 2 are preliminary allegations and conclusions of law to which no answer is required or given and GUH, therefore, denies the same.

### Parties

3. GUH admits that at all relevant times Plaintiff was employed by and worked for GUH beginning March 25, 2003, and ending November 14, 2005. GUH admits that Plaintiff filed a complaint of purported employment discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act alleging discrimination based upon national origin. GUH otherwise denies the allegations contained in Sentence 2 of Paragraph 3 of Plaintiff's Complaint. GUH admits that on or around May 11, 2006, the EEOC issued to Plaintiff a Notice of Right to Sue. Except as so admitted, GUH denies the remaining allegations contained in Paragraph 3.

4. GUH states that the allegations contained in Paragraph 4 are conclusions of law to which no answer is required or given. GUH admits that at all relevant times Plaintiff was employed by GUH. Except as so admitted, GUH denies the remaining allegations contained in Paragraph 4.

### Facts Common to All Counts

5. GUH admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. GUH admits that Plaintiff tendered her letter of resignation to GUH on or around November 14, 2005, and that at all times relevant hereto Plaintiff worked at GUH for approximately two (2) years and seven and a half (7.5) months. Except as so admitted, GUH denies the remaining allegations contained in Paragraph 6.

7. GUH admits that Plaintiff was voted Clinical Tech of the Year 2004. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and GUH, therefore, denies the same.

8. GUH denies the allegations as pleaded in Paragraph 8 of Plaintiff's Complaint.

9. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and GUH, therefore, denies the same.

10. GUH admits that Michelle Humphrey, RN, a Nurse Coordinator for GUH, was Plaintiff's immediate supervisor at all times relevant hereto. GUH also admits that by letter dated on or around May 9, 2005, Plaintiff received notice of a change to her work schedule that would become effective on or around June 13, 2005. GUH states that the language of the May 9, 2005 letter speaks for itself. Except as so admitted, GUH denies the allegations as pleaded in Paragraph 10 of Plaintiff's Complaint.

11. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and GUH, therefore, denies the same.

12. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and GUH, therefore, denies the same.

13. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and GUH, therefore, denies the same.

14. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and GUH, therefore, denies the same.

15. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and GUH, therefore, denies the same.

16. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and GUH, therefore, denies the same.

17. GUH denies the allegations as pleaded in Paragraph 17 of Plaintiff's Complaint.

18. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint and GUH, therefore, denies the same.

19. GUH denies the allegations as pleaded in Paragraph 19 of Plaintiff's Complaint.

20. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and GUH, therefore, denies the same.

21. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and GUH, therefore, denies the same.

22. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint and GUH, therefore, denies the same.

23. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint and GUH, therefore, denies the same.

24. GUH denies the allegations as pleaded in Paragraph 24 of Plaintiff's Complaint.

25. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint and GUH, therefore, denies the same.

26. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of Plaintiff's Complaint and GUH, therefore, denies the same.

27. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint and GUH, therefore, denies the same.

28. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Sentence 1 of Paragraph 28 of Plaintiff's Complaint and GUH, therefore, denies the same. GUH admits that Ms. Humphrey signed a letter dated August 19, 2005, which is addressed to Plaintiff. GUH states that the language of the August 19, 2005 letter speaks for itself. Except as so admitted, GUH denies the remaining allegations contained in Paragraph 28.

29. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and GUH, therefore, denies the same.

### Count I – Discrimination Based on Race & Retaliation
### Title VII and Article 49b of the Annotated Code of Maryland

30. GUH repeats the answers and averments of Paragraphs 1 through 29 for the purposes of answering Paragraph 30 of Plaintiff's Complaint.

31. GUH denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. GUH denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. GUH denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. GUH denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. GUH dennies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. GUH denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

### Count II – Wrongful Termination

37. GUH repeats the answers and averments of Paragraphs 1 through 36 for the purposes of answering Paragraph 37 of Plaintiff's Complaint.

38. GUH denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and GUH, therefore, denies the same.

40. GUH admits that it received and accepted Plaintiff's letter of resignation on or around November 14, 2005. Except as so admitted, GUH denies the allegations contained in Paragraph 40.

41. GUH denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. GUH denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

### Count III – Breach of Contract

43. GUH repeats the answers and averments of Paragraphs 1 through 42 for the purposes of answering Paragraph 43 of Plaintiff's Complaint.

44. GUH admits that at all times relevant hereto Plaintiff began working at GUH on or around March 25, 2003 and at such time GUH hired Plaintiff for a full-time, union, employment-at-will position in the Interventional Cardiology Unit. GUH also admits that it

6

received and accepted Plaintiff's letter of resignation on or around November 14, 2005. Except as so admitted, GUH denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. GUH denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

### Count IV – Intentional Infliction of Emotional Distress

46. GUH repeats the answers and averments of Paragraphs 1 through 45 for the purposes of answering Paragraph 46 of Plaintiff's Complaint.

47. GUH denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. At this time, GUH is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of Plaintiff's Complaint and GUH, therefore, denies the same.

49. GUH states that the allegations contained in Paragraph 49 of Plaintiff's Complaint constitute conclusions of law to which no answer is required or given and GUH, therefore, denies the same.

50. GUH denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. GUH denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. GUH denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. GUH denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Any allegations contained in the Complaint not previously addressed are denied.

WHEREFORE, Defendant, Georgetown University Hospital states that Plaintiff is not entitled to any of the relief sought in the Complaint.

## II.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff failed to exhaust internal and administrative remedies prior to filing suit.

### Third Affirmative Defense

Upon information and belief, Plaintiff has failed to mitigate her damages.

### Fourth Affirmative Defense

Defendant's actions were based on legitimate factors and were not based on discriminatory or other unlawful motives.

### Fifth Affirmative Defense

This action or any relief sought by Plaintiff is barred, in whole or in part, because Defendant may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleading and the fact that discovery has not yet commenced. Accordingly, Defendant reserves the right to supplement the foregoing and raise additional defenses that may appear as the case progresses.

## III.

## **REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that: (1) Plaintiff's action be dismissed with prejudice and that all relief prayed for therein be denied; (2) that Defendant recover its taxable costs and attorneys' fees incurred herein; and (3) that Defendant be awarded such other and further relief as this Court may deem just and proper.

Date: December 29, 2006                                    Respectfully submitted,


                                                          _____/s/_____
                                                          Keith J. Harrison (Bar No. 416755)
                                                          Trina L. Fairley (Bar No. 454102)

                                                          Crowell & Moring LLP
                                                          1001 Pennsylvania Avenue, N.W.
                                                          Washington, D.C. 20004-2595
                                                          (202) 624-2500

                                                          *Counsel for Georgetown University Hospital*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2006, a copy of the foregoing document, GEORGETOWN UNIVERSITY HOSPITAL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF was served by electronic filing and first class mail postage prepaid, upon the following individual:

> Reuben B. Collins, II (Bar No. 14561)
> Collins & Talley LLC
> 201 Centennial Street, A-2
> P.O. Box 1857
> La Plata, Maryland 20646
> Ph: (301) 934-4366
> Fax: (301) 934-1668
>
> *Counsel for Plaintiff Bonita M. Brown*

_____
Towanna Burthey