**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

————————————————————————
                                  )

BONITA M. BROWN,             )
                                  )

        Plaintiff,           )
                                  )

        v.                  )    Case No.:  1:06-CV-01417 (RWR)
                                  )

GEORGETOWN UNIVERSITY HOSPITAL,  )
                                  )

        Defendant.        )
————————————————————————)

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM**
**IN FURTHER SUPPORT OF SUMMARY JUDGMENT**
**BASED ON PLAINTIFF'S FAILURE TO FILE AN OPPOSITION**

       Plaintiff, Bonita M. Brown ("Plaintiff"), failed to file a timely opposition to Defendant Georgetown University Hospital's ("GUH") Summary Judgment Motion ("Motion"), and completely disregarded her self-imposed, extended deadline for filing an opposition to the pending dispositive motion.  Accordingly, pursuant to Local Rule 7(b), GUH respectfully moves this Court to treat the pending and well-supported summary judgment motion as conceded, grant the motion in favor of GUH, and dismiss Plaintiff's Complaint with prejudice.

**FACTUAL BACKGROUND**

       At the February 1, 2008 Post-Discovery Status Conference, this Court set March 12, 2008 as the filing deadline for dispositive motions.  The Court further stated that the parties follow the local rules to calculate the deadlines to file their opposition and reply.  Accordingly, pursuant to LCvR 7(b), Plaintiff's opposition memorandum to GUH's Motion was due "within 11 days of

the date of service." LCvR 7(b) (2008). Plaintiff's opposition brief, therefore, was due March 21, 2008.

On March 12, 2008, GUH timely filed its Motion. But on March 21, 2008, rather than file an opposition, Plaintiff filed a *Motion To Enlarge Time to File Response To Defendant's Motion For Summary Judgment*; therein, Plaintiff moved the Court to allow her to file an opposition up to and through April 14, 2008. *See* Docket Entry No. 23, at ¶ 5. Plaintiff also stated, without any facts supporting her need for the extension, that the motion was not intended for any delay or dilatory purpose. *See id.* at ¶ 6. Plaintiff, however, has yet to file an opposition. And her failure to meet her self-imposed April 14 deadline demonstrates a disregard to meet court deadlines and prosecute the case.

This case has been pending since August 2006. Indeed, although only two fact witnesses were deposed, two extensions to discovery were needed in order to schedule the respective depositions with Plaintiff's counsel. Likewise, when this Court continued the matter for 60 days and referred the parties to mediation, it took 75 days to schedule and hold a mediation session with Plaintiff and her counsel. In like manner, Plaintiff's counsel failed to appear in Court for the February 1, 2008 Post-Discovery Status Conference and instead participated by phone. What is more, however, though the Court strongly suggested at the status conference that Plaintiff's counsel review with his client the allegations in the Complaint and dismiss those claims that discovery had shown to be without merit, Plaintiff's counsel ignored the Court's suggestion.

Indeed, Plaintiff's counsel even ignored the February 6, 2008 Rule 11 Letter from GUH's counsel, wherein GUH demonstrated that the case lacked legal and factual merit. *See* Exhibit 1 to Defendant's *Motion for Summary Judgment*, Docket Entry No. 22 at Attachment No 1. To date, Plaintiff's counsel has yet to respond to the letter. As a result, GUH unnecessarily

expended resources to brief the pending dispositive motion on claims that, according to the Plaintiff's own sworn testimony, should never have been filed.  And now, Plaintiff has allowed both the Court-imposed March 21, 2008 deadline and her self-imposed April 14, 2008 deadline for filing an opposition to GUH's pending Motion to expire.

## **ARGUMENT**

Rule 7(b) of the Local Rules of this Court states that "If … a memorandum [of points and authorities in opposition to a motion for summary judgment] is not filed within the prescribed time, the Court may treat the motion as conceded."  *See* LCvR 7(b).  Now that Plaintiff has twice failed to file an opposition to GUH's pending Motion within the prescribed period, this Court should consider the statement of facts and legal arguments presented therein as conceded and grant summary judgment for GUH.

Specifically, by failing to file a timely opposition, Plaintiff conceded that:  1) she filed a Title VII claim based on Maryland law but all of the events in this case occurred in the District of Columbia; 2) she failed to exhaust her administrative remedies under Title VII because she never filed an EEOC charge of race discrimination or a charge of retaliation; 3) both the Plaintiff and her supervisor – who allegedly harbored racial animus against her – are of the same race; 4) Plaintiff never engaged in any statutorily protected activity; 5) Plaintiff is American and no evidence exists in the record to show that her American origin motivated any discrimination; 6) Plaintiff took FMLA leave and while on such leave worked for another employer; 7) Plaintiff could have returned to her job at GUH but chose not to and instead submitted a written letter of resignation; 8) Plaintiff did not and could not exhaust her termination claims through the Union grievance process as required under the SEIU Union Contract because she resigned; and 9) the actions upon which Plaintiff based her claim for intentional infliction of emotional distress all

occurred in the context of her employment relationship with GUH and do not constitute outrageous conduct.

As fully discussed in GUH's Memorandum in Support of Summary Judgment, these key facts, which are well-supported by undisputed recorded evidence, dispose of all four of the Plaintiff's claims. As such, the Court should grant GUH's Motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

## **CONCLUSION**

Given Plaintiff's disregard for the above-outlined filing deadlines, the Court, pursuant to LCvR 7(b), should consider all of GUH's well-supported, undisputed facts and summary judgment arguments as conceded, grant the pending summary judgment motion, and dismiss Plaintiff's Complaint with prejudice.

Dated: April 15, 2008                              Respectfully submitted,


                                        _____/s/_____
                                        Keith J. Harrison, Esq.
                                        Crowell & Moring LLP
                                        1001 Pennsylvania Avenue, N.W.
                                        Washington, D.C.  20004-2595
                                        (202) 624-2500
                                        (202) 628-5116 (facsimile)

                                        *For Defendant, Georgetown University Hospital*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April 2008, a copy of the foregoing document,

*DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF SUMMARY*

*JUDGMENT BASED ON PLAINTIFF'S FAILURE TO FILE AN OPPOSITION* was served by

electronic mail service and first class mail, postage prepaid, upon the following individual:

> Reuben B. Collins, II (Bar No. 14561)
> Collins & Talley LLC
> 201 Centennial Street, A-2
> P.O. Box 1857
> La Plata, Maryland 20646
> Ph: (301) 934-4366
> Fax: (301) 934-1668
>
> Counsel for Plaintiff
> *Bonita M. Brown*

_____
                     /s/
                     Leslie J. Gogan